UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

LUCIA MIRANDA,

      Plaintiff,

v.

SELECT BOCA, INC., d/b/a RE/MAX
SELECT BOCA, INC., et al.,

      Defendants.

_____/

CASE NO.  00-8401-CIV-RYSKAMP
Magistrate Judge Vitunac

## MOTION TO COMPEL

Plaintiff, LUCIA MIRANDA, pursuant to Rule 37, Federal Rules of Civil Procedure

hereby moves the Court for its Order compelling the Defendant, SELECT BOCA, INC., et al., to

respond to the Request for Production and Interrogatories served with the initial Complaint on

May 24, 2000 and states:

    1.     Predecessor counsel served his First Set of Interrogatories and First Request for

Production on the Defendants on May 24, 2000.  Copies of said discovery are attached as

Exhibits "A" and "B" respectively.

    2.     To date, Defendants have not responded or objected to same.  Thus, all objections

are waived.

    3.     Counsel undersigned has discussed the matter with counsel for the Defendants,

who has still not responded to same.

    WHEREFORE, Plaintiff, LUCIA MIRANDA requests the Court to enter its Order

compelling the Defendant to respond to the initially propounded discovery as described, and

further awarding any relief the Court sees fit to grant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was sent by U.S. Mail to: STUART A. ROSENFELDT, ESQUIRE, Phillips, Eisinger, Koss, Rothstein & Rosenfeldt, P.A., Presidential Circle, Suite 265-S, 4000 Hollywood Boulevard, Hollywood, Florida 33022 on  1-9-01          .

FEILER & LEACH, P.L.
Attorneys for Plaintiff
901 Ponce de Leon Boulevard
Penthouse Suite
Coral Gables, Florida 33134
Telephone: (305) 441-8818
Facsimile: (305) 441-8081

By: _____
        Michael B. Feiler
        Florida Bar No. 098477

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach Division)

| | | |
|---|---|---|
| LUCIA MIRANDA, | ) | Case No. 00-8401-Civ-Ryskamp |
| | ) | Magistrate Judge Vitunac |
| Plaintiff, | ) | |
| v | ) | |
| | ) | |
| SELECT BOCA INC., d/b/a RE/MAX | ) | **Plaintiff's First Set of Interrogatories** |
| SELECT BOCA INC., a Florida | ) | **to Defendant Select Boca, Inc.** |
| corporation, JAMES E. MCGINNIS, | ) | |
| individually, and PATRICIA | ) | |
| MCGINNIS, individually, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Lucia Miranda, pursuant to Federal Rule of Civil Procedure 33, propounds the

attached First Set of Interrogatories to Defendant Select Boca. Inc   The answers are to be given

under oath and served upon the undersigned within the time permitted by the Federal Rules of

Civil Procedure.

Respectfully submitted,

Christopher C. Sharp, P.A.
Attorney for Plaintiff
International Building
2455 East Sunrise Boulevard, Suite 807
Fort Lauderdale, Florida 33304
Telephone: (954) 563-7374
Telecopier: (954) 563-2252

By: _____
Christopher C. Sharp
Fla. Bar No. 996858

Dated: May **24**, 2000

1

Exhibit "A"

**<u>Certificate of Service</u>**

I HEREBY CERTIFY that a true copy of the foregoing was served with the Summons and Complaint in this matter.

_____
Christopher C. Sharp

**Plaintiff's First Set of Interrogatories to Defendants**

1.  List the names and addresses of all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings, including clerical or technical personnel who participated in the preparation of any document or participated in the input, processing or compilation of data for or on any computer medium relevant to the claims and defenses raised in this action, and specify the subject matter about which the witness has knowledge.

2.  List the names and addresses of all persons believed or known by you, your agents or attorneys to have any knowledge concerning Plaintiff's termination, and specify the subject matter about which the witness has knowledge.

3.   As to the decision to remove Plaintiff from her position as receptionist with Select Boca and offer her a clerical position, as alleged in Paragraph 21 of Complaint for Damages filed in this action, please state:

    a.   when such decision was made;

    b.   the names, addresses and official positions of each of those persons who participated in the decision;

    c.   each and every reason for the decision;

    d.   the names, addresses and positions of each person from whom the decisionmakers sought information about the reasons for the decision;

    e.   the substance of the information provided by each person from whom it was sought concerning the reasons for the decision; and

    f.   a description (e.g., title, location and identity of custodian) of any documents reviewed during the investigation and/or created in connection with the decision.

4

4.  As to the decision to terminate Plaintiff from her position as receptionist with Select Boca, as alleged in Paragraph 23 of Complaint for Damages filed in this action, please state:

   a.  when such decision was made;

   b.  the names, addresses and official positions of each of those persons who participated in the decision;

   c.  each and every reason for the decision;

   d.  the names, addresses and positions of each person from whom the decisionmakers sought information about the reasons for the decision;

   e.  the substance of the information provided by each person from whom it was sought concerning the reasons for the decision; and

   f.  a description (e.g., title, location and identity of custodian) of any documents reviewed during the investigation and/or created in connection with the decision

5

5.   As to any investigation conducted in response to Plaintiff's EEOC Charge of discrimination filed against Defendant Select Boca, as alleged in the Complaint, please state:

    a.   when such investigation was conducted;

    b.   the names, addresses and official positions of each of those persons who participated in the investigation

    c.   The results of the investigation;

    d.   the names, addresses and positions of each person from whom the investigators sought information during the investigation;

    e.   the substance of the information provided by each person from whom it was sought during the investigation; and

    f.   a description (e.g., title, location and identity of custodian) of any documents reviewed during the investigation and/or created in connection with the investigation.

6.     For any expert witness you intend to call at the trial of this case, identify each witness; describe his or her qualifications as an expert; state the subject matter upon which he is expected to testify; state the substance of the facts and opinions to which he is expected to testify; and give a summary of the grounds for each opinion.

7.     Has any administrative charge of discrimination (e.g., with the Equal Employment Opportunity Commission, the Florida Commission on Human Relations, and/or similar state or local agency), or any civil action alleging discrimination or retaliation been filed against Defendant, in the past five years? If the answer is in the affirmative, identify the by name, address and phone number the parties, identify the charge/action by case number and name and address of forum, and state the status of the charge and/or action.

7

8.    Identify by name, job title, last known business address, last known business telephone number, last known residence address and/or last known residence telephone number, each employee, including supervisory personnel, who worked for Defendant at the facilities where Plaintiff was employed by Defendant at any time during period of January 1, 1997 through the date of your response.

9.    State the name and position of each person employed by Defendant who has custody of Plaintiff's personnel records, employee benefit records, employee disciplinary files, and any and all other records in the possession and custody of Defendant relating to Plaintiff's employment with Defendant.

10.     List each and every file, record, written memorandum, letter, and any other written document in Defendant's possession pertaining to Plaintiff's employment with Defendant, including but not limited to personnel records, employee benefit records, employee disciplinary files.

11.     State each and every fact and/or document upon which Defendant Select Boca relies for its defenses and affirmative defenses in this matter, identify all documents upon which such defenses are based, and state the name of each and every person with knowledge of those facts.

9

12.     Identify by name, address, and job title each person who has participated in the answering of these interrogatories.

Select Boca, Inc.

By: _____

As: _____

State of Florida              )

County of _____ )

      I HEREBY CERTIFY that on this day, before me, an officer duly authorized to

administer oaths, personally appeared in the county and state aforesaid _____

_____, of Select Boca, Inc., who, having produced _____ as identification and

after being sworn, says that the foregoing answers are true and correct of his/her own personal

knowledge.

      IN WITNESS WHEREOF I set my signature and official seal this ____ day of

_____, 2000.

                             _____
                             NOTARY PUBLIC

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach Division)

| | | |
|---|---|---|
| LUCIA MIRANDA, | ) | Case No. 00-8401-Civ-Ryskamp |
| | ) | Magistrate Judge Vitunac |
| Plaintiff, | ) | |
| v | ) | |
| | ) | |
| SELECT BOCA INC., d/b/a RE/MAX | ) | **Plaintiff's First Request for** |
| SELECT BOCA INC., a Florida | ) | **Production to all Defendants** |
| corporation, JAMES E. MCGINNIS, | ) | |
| individually, and PATRICIA | ) | |
| MCGINNIS, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Lucia Miranda, pursuant to Federal Rule of Civil Procedure 34, requests

Defendants to produce and permit the copying of those documents hereinafter designated

Plaintiff further requests that said documents be produced for inspection and copying within the

time provided by law at the office of Plaintiff's counsel, or at such other place as may be agreed

upon by counsel, continuing from day to day until inspection and copying are completed.

The term "document" shall be deemed to mean every writing or record of every type or

description which is in your possession, custody or control (or copy thereof if the original is not

in your possession, custody or control), including, and without any limitation whatsoever,

correspondence, memoranda, stenographic or handwritten notes, computer media, studies,

publications, books, pamphlets, pictures, films, voice recordings, reports, minutes, and statistical

compilations.

1

Exhibit "B"

**<u>Documents Requested</u>**

1.      The entire personnel files of the following individuals, including, but not limited

to, those documents and writings that were used to determine their qualifications for

employment, promotions, transfers, salary, raises, pension eligibility, termination or other

disciplinary action:

         a.      Plaintiff;

         b.      Nena Flysher;

         c.      Rose Schevallier;

         d.      James McGinnis;

         e.      Patricia McGinnis.

2.      The following documents regarding the individuals identified in Request No. 1

above, if not contained in their personnel files:

         a.      Application for employment;

         b.      Complete salary and wage records, payroll records, 1099 and W-2 forms

for each year of employment by Defendants;

         c.      Performance evaluations or job reviews;

         d.      Personnel Action Forms ("PAF");

         e.      Disciplinary notices for violation of any of Defendants' policies and

procedures;

         f.      Complaints concerning work performance and any warning notices about

these complaints;

         g.      Accident and incident reports;

h.     The written description of each position held while employed by Defendants;

i.     Forms or applications for life or health insurance completed while in the employ of Defendants (for Plaintiff only);

j.     Documents, writings or other memoranda describing fringe benefits that the individual was eligible to receive from Defendants (for Plaintiff only);

k.     Documents showing the schedule, hours or shifts worked while employed by Defendants.

3.     Any and all documents maintained other than in the regular course of business by Defendants concerning or mentioning Plaintiff in any manner, whether made, received or generated before, during or after her employment.

4.     Defendants' guidelines, policies, procedures and materials describing or pertaining to employment discrimination and/or equal employment opportunity, including any policy for the reporting of discrimination complaints, in effect in the facilities where Plaintiff worked for Defendants, since January 1, 1997.

5.     Any and all employee handbooks, personnel manuals, supervisor's manuals, training materials, policy manuals, and other written policies, procedures, guidelines and materials of any kind or nature used or distributed by Defendants in connection with the hiring, training, promotion, management and/or discipline of its employees in the facilities where Plaintiff worked for Defendants, since January 1, 1997, not included in your response to Request No. 4 above.

6.     Complaints concerning the work performance and/or workplace behavior of, and

3

any written warning notices pertaining to such complaints to Plaintiff and Rose Schevallier at any time during their employ by Defendants.

7.      Documents regarding any complaints from any of Boca Select's clients concerning Rose Schevallier.

8.      Memoranda or written summaries of any conversations or meetings Plaintiff had with any past or present employee(s) of Defendants regarding her claim that he was subjected to discrimination while employed by Defendants.

9.      All documents sent by Defendants to the Florida Commission on Human Relations ("FCHR") or the Equal Employment Opportunity Commission ("EEOC"), responding to any charge of discrimination filed by Plaintiff or any other employee(s) of Defendants, or any request for information from any of those agencies, since January 1, 1997.

10      All documents describing or in any way pertaining to any investigation conducted by Defendants of Plaintiff's complaint of discrimination.

11      Any and all documents, excluding only documents evidencing communications between Defendants and their attorneys, reflecting each communication (e.g., letters, memoranda, telephone calls, face-to-face conversations, facsimile transmissions, etc.) between, among, to or from any agents, servants and/or employees of Defendants concerning Plaintiff's complaint of discrimination.

12.     Any and all documents reflecting each communication (e.g., letters, memoranda, telephone calls, face-to-face conversations, facsimile transmissions, etc.) between, among, to or from any agents, servants and/or employees of Defendants and any third party, including but not limited to investigators and consultants, concerning Plaintiff's complaint of discrimination.

4

13.     Any and all documents describing, relating to or explaining the reasons Plaintiff is no longer employed by Defendants, including but not limited to the following:

a.     Documents regarding or evidencing complaints from clients, vendors, the general public, employees or any other person concerning Plaintiff's Hispanic accent;

b.     Separation questionnaires and all records from exit interviews;

c.     Records of inquiries from prospective employers and Defendants' responses thereto

14.     All employment recruitment brochures, advertisements, notices or solicitations for employment used by Defendants in regard to the positions for which Plaintiff and Nena Flysher were hired.

15.     Applications for employment of all persons who were applied for or were considered for the positions for which Plaintiff and Nena Flysher were hired.

16.     Organizational charts, diagrams, drawings and other documents showing the organizational structure of Defendant Select Boca during each year from 1992 to date.

17.     Any and all promotional material, advertisements, brochures, booklets, press releases, and other documents intended and used for dissemination to the public to explain the services and/or products offered by Defendant Select Boca.

18.     Copies of all charges of discrimination or retaliation filed against Defendants, or any of them, since January 1, 1997 with the EEOC, the FCHR, the United States Department of Labor, and/or any other federal, state or local agency or any union or collective bargaining unit, group or committee.

19.     Any and all findings made by any administrative agency, court or union or

5

collective bargaining unit, group or committee in connection with the investigation or hearing relating to any charges produced in response to Request No. 12 above.

20.     Records showing the names and last known address of each employee, including supervisory personnel, who worked at the facilities where Plaintiff worked for Defendants in any capacity, from January 1, 1997 to present

21.     A copy of any contracts between Defendants and Plaintiff under which Plaintiff provided services to Defendants, or either of them, including all exhibits thereto.

22      Any and all documents describing the terms and conditions under which Plaintiff was to perform services for Defendants

23.     Any and all corporate books and records of Defendant Select Boca, and any and all articles of incorporation, annual report forms and/or assumed name filings made by or on behalf of Defendant Select Boca within the preceding five years.

24.     Any and all corporate books and records of any corporation in which Defendants James and/or Patricia McGinnis have been an officer, employee, shareholder or held any interest since January 1, 1997, and any and all articles of incorporation, annual report forms and/or assumed name filings made by or on behalf of any such corporation within the preceding five years.

25.     Defendant Select Boca's federal and state income tax returns for the years 1997 through the present, including all schedules thereto.

26.     Defendants James and/or Patricia McGinnis' federal and state income tax returns for the years 1997 through the present, including all schedules thereto.

27.     Defendant Select Boca's Florida sales tax returns for the years 1997 through the

present.

28.     The Florida sales tax returns for the years 1997 to the present for any corporation in which Defendant James and/or Patricia McGinnis have been an officer, employee, shareholder or held any interest.

29.     Any and all stock ownership records of Defendant Select Boca or any of its subsidiaries.

30.     Any and all stock ownership records for any corporation in which Defendants James and/or Patricia McGinnis have been an officer, employee, shareholder or held any interest since 1997.

31.     The census of beneficiaries of all employee welfare benefit plans and/or employee pension benefit plans for Defendant Select Boca for the years 1997 through the present.

32.     The census of any beneficiaries of all employee welfare plans and/or employee pension benefit plans for any corporation in which Defendants James and/or Patricia McGinnis have been an officer, employee, shareholder or held any interest since 1997.

33.     Any and all of Defendants' financial statements prepared during any or all of the years from January 1, 1997 through the date of your responses to this Request for Production.

34.     Any and all of Defendants' net worth statements for the years 1997 through the date of your responses to this Request for Production.

35.     Any and all documents reflecting each communication (e.g., letters, memoranda, telephone calls, face-to-face conversations, facsimile transmissions, etc.) between, among, to or from any agents, servants and/or employees of Defendants concerning Plaintiff's employment, Plaintiff's termination, and/or Plaintiff's complaint of discrimination.

36.     Insurance policies that may insure Defendants against liability for Plaintiff's claims in this action.

37.     Insurance policies that may insure Defendants against liability for any claims of employment discrimination including those in this action.

38.     Any "reservation of rights" letter from Defendants' insurer(s) regarding Plaintiff's claims.

39     Any and all documents identified in Defendants' responses to Plaintiff's First Set of Interrogatories to Defendants served simultaneously with this Request for Production of Documents

40     Any and all documents utilized in answering Plaintiff's First Set of Interrogatories to Defendants served simultaneously with this Request for Production of Documents.

41     Documents sufficient to show the salary and the nature and value of any and all benefits to which Plaintiff would have been entitled assuming at least satisfactory job performance had she remained employed by Defendants through the date of your response to this Request.

42.     Any and all documents or other tangible evidence known to Defendants that supports Plaintiff's claims not otherwise covered by any of the above requests.

43.     Any and all documents that Defendants contend refute any allegations made by Plaintiff in the pleadings.

44.     Any and all documents that Defendants contend support any denial or affirmative defense asserted in Defendant's pleadings.

45.     Any and all documents or other tangible evidence known to Defendants that

8

supports Defendants' defenses and/or affirmative defenses, not otherwise covered by any of the above requests.

46.     Any and all witness statements, whether written, typed, taped or otherwise recorded, describing or relating to the conduct of which Plaintiff has complained in the Complaint for Damages filed in this action.

47.     Any and all data bases that Defendants maintain or have maintained since January 1, 1997 that contain information on Plaintiff or any other employee concerning any employment data such as: name, date of birth and/or age, social security number; seniority dates; date of hire; jobs held; rate of pay; gross earnings; identification, clock or badge number; amount of vacation/sick pay accrued or used; the dates of any extended leave; benefits for which the employee is eligible, insurance claims, internal complaints or grievances, and/or disciplinary actions.

48.     Any and all documents and other sources of information that are necessary in order to interpret all coded fields referred to in any documents responsive to Request No. 47. By way of example, a coded field may contain an abbreviated entry representing other information that cannot be used or understood without a key to the translation or meaning of the entry. An example would be a field for sex, with possible coded entries of "1" for male or "2" for female.

49.     Any and all computer tapes, disks or other media containing the data requested in any item of this Request for Production.

50.     Any and all documents obtained from non-parties to this matter, including, but not limited to, documents obtained through subpoenas to any records custodians, i.e., Plaintiff's medical, psychological, psychiatric, educational and/or employment records.

9

Respectfully submitted,

Christopher C. Sharp, P.A.
Attorney for Plaintiff
International Building
2455 East Sunrise Boulevard, Suite 807
Fort Lauderdale, Florida 33304
Telephone: (954) 563-7374
Telecopier: (954) 563-2252

By: _____
　　　Christopher C. Sharp
　　　Fla. Bar No. 996858

Dated: May 24, 2000

## Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing was served with the Summons and Complaint in this matter.

_____
Christopher C. Sharp

10